LOBRANO, J.,,
concurs in the result and assigns reasons.
LI respectfully concur in the result, I would reverse the district court’s- grant of *191 summary judgment and remand this matter for trial on the merits. I write separately because I find that genuine issues of material fact remain regarding whether Ms. Larson was a “participant” as defined by La. R.S. 9:2795.3. While the majority finds that Ms. Larson was not a participant, I find that whether Ms. Larson qualifies as a participant is an issue for trial.
Under subsection (A)(7) 'of the immunity statute, “ ‘[participant’ means any person, whether amateur or professional, who engages in an equine activity"...” Subsection (A)(1) provides that “[t]he term ‘engages in an equine activity* does not include being a spectator at an equine activity, except in cases where the spectator places himself in an unauthorized area and in immediate proximity to the equine activity.”
Subsection (A)(3) states, in releyant part:
(3) “Equine activity” includes any or all of the following:
[[Image here]]
(e) A ride, trip, hunt, or other equine activity of any type however informal or impromptu that are sponsored by an equine activity sponsor.
(Emphasis added).
|Jn my reading of the statute, being a spectator is an exception to engaging in an equine activity. A spectator placing himself in an unauthorized area is the exception to the exception.
I find that issues of fact remain as to whether Ms. Larson was a - spectator, whether she was in an unauthorized area, and whether her actions at the time of her accident were equine activities as defined by the immunity statute. Accordingly, I find that whether Ms. Larson was a “participant” should be an issue for trial.